CREATH SHROPSHIRE, TRUSTEE, ETC., v. W. S. PRYOR.

**Trusts—Discretion of Trustee—Sale and Re-investment.**

Where a trust deed authorizes a trustee to dispose of the land and invest the proceeds in other land in a manner to promote the interest of the cestuis que trustent, the trustee was invested with such discretion as to the welfare of the cestuis que trustent as authorizes a re-investment of the proceeds of the sale in other land in trust for the beneficiaries.

**Execution—Title to Property.**

Where at the time a creditor subjected land to the payment of his debt, the legal title was not in the debtor, the sale passed no title to the purchaser, since a sale under execution was not the proper means of subjecting the land.

APPEAL FROM SCOTT CIRCUIT COURT.

June 6, 1873.

OPINION BY JUDGE HARDIN:

By the deed of Joseph Shropshire of October 7, 1841, the trustee, Crockett Shropshire, was authorized to "dispose of the land, the ultimate proceeds of which were invested in the land bought of Emmerson," in a manner so as to promote the interest of Mrs. Porter "and her increase," otherwise, her children. This, in our opinion, gave such discretion to the trustee in view of the welfare of the family, the raising and maintenance of the children as admitted of the investment in the land conveyed by Emmerson, simply in trust for Mrs. Porter.

The appellee had therefore a right, under Sec. 23, Chapter 80 of the Revised Statutes, to subject the interest of Mrs. Porter to his debts, and her children having no vested interest, and not being necessary parties, could not question the correctness of the judgment, even for errors which might be available to them if they were interested parties.

The appellee failed to exhibit the record evidence of his judgments, executions and securities, and his assignment of the claim of Buckley & Pierce. But the non-production of these evidences is virtually cured by the admissions of Mrs. Porter's answer; and the plaintiff showed himself entitled to relief in equity, to the extent of subjecting enough of the land to pay his debts, interest and costs. But he was not entitled to the relief the court adjudged sustaining his claim to the 25¾ acres of land under his purchase and the sheriff's deed, for the reason that the legal title not being in Mrs. Porter, the levy and sale under execution was not the appropriate or authorized means of subjecting the land and passed no title to the appellees.

Wherefore the judgment is reversed and the cause remanded with instructions to render a judgment setting aside the sheriff's sale and deed, but enforcing the plaintiff's claims by a sale of enough of the land to satisfy the same and costs of sale, should one be made.

Judge Pryor did not sit in this case.

*Lindsey, for appellant.*

*Darnaby, for appellee.*